IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| ANTHONY SUMMERS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:14-CV-160 |
| UNKNOWN PARTIES | § | |

**MEMORANDUM OPINION REGARDING VENUE**

Plaintiff, Anthony Summers, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Venue in a civil rights action is determined pursuant to 28 U.S.C. § 1391(b). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where all the defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred.

Plaintiff complains actions taken by TDCJ officials at the Gib Lewis Unit where he is currently housed. The Gib Lewis Unit is located in Woodville, Texas and it would appear a substantial part of the events or omissions giving rise to his claims occurred in the Eastern District of Texas, Lufkin Division. Venue, therefore, is not proper in the Eastern District of Texas, Beaumont Division.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims should be transferred to the Eastern District of Texas, Lufkin Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 24th day of March, 2014.

_____
Zack Hawthorn
United States Magistrate Judge